# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FORTUNE HOLDINGS, LLC,** | * |
| | * |
| **Plaintiff,** | * |
| | * |
| v. | *   CIVIL ACTION NO.: |
| | * |
| **STATE FARM FIRE AND CASUALTY** | * |
| **COMPANY,** | *   PLAINTIFF RESPECTFULLY |
| | *   REQUESTS A TRIAL BY JURY |
| **Defendant.** | * |
| | * |
| | * |

## COMPLAINT

Plaintiff shows that it is entitled to relief as follows:

## PARTIES

1. Plaintiff FORTUNE HOLDINGS, LLC (hereinafter referred to as "Plaintiff") is a commercial business domiciled in the State of Alabama.

2. Defendant STATE FARM FIRE AND CASUALTY COMPANY (hereinafter referred to as "Defendant" or "State Farm") is a corporation conducting substantial business activity, including but not limited to, issuance of policies of insurance in the State of Alabama, including Mobile County, Alabama, with its principal place of business located at One State Farm Plaza, Bloomington, IL 61710.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this case pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00.

4. Venue in this case is proper in this Court pursuant to 28 U.S.C. § 1391, because

this suit concerns real and personal property located in this judicial district, and it is where a substantial part of the events at issue took place.

5. This Court has personal jurisdiction over Defendant because at all relevant times it has engaged in substantial business activity in the State of Alabama. At all relevant times Defendant transacted, solicited, and conducted business in Alabama through its employees, agents, and/or sales representatives, and derived substantial revenue from such business in Alabama.

**FACTUAL ALLEGATIONS**

6. Defendant State Farm issued a policy of insurance, policy number 93-B3-U437-8, (hereinafter the "Policy") which provided insurance coverage to the Plaintiff's property (referred to as the "Insured Premises").

7. On or about September 15-16, 2020, the Insured Premises, located at 2465 Commercial Park Dr., Mobile, AL 36606, suffered substantial damage as a result of a covered loss (hereinafter referred to as the "Insured Event").

8. Plaintiff timely and properly reported the Insured Event and corresponding damages/losses suffered by the Plaintiff, the Insured Premises sustained as a result of the Insured Event to the Defendant.

9. Plaintiff has complied with all terms and conditions of the policy of insurance issued by Defendant. Further, Plaintiff has provided sufficient documentation and/or information to the Defendant to enable them to properly adjust the loss and pay benefits owed as a result of the Insured Event.

10. However, Defendant has failed to promptly and/or properly investigate the Insured Event, and has further failed to pay Plaintiff for losses sustained as a result of the Insured Event.

11. As of the date of filing this Complaint, Defendant has failed to properly pay

Plaintiff the benefits due under the terms and conditions of the insurance policy and/or Alabama law.

12. Despite Plaintiff's good faith efforts to attempt to resolve this insurance claim, Defendant breached the insuring agreement and/or Alabama law by failing to promptly and/or properly adjust the loss and by failing to pay monies owed under the terms and conditions of the insuring agreement and/or Alabama law.

13. Defendant has committed bad faith and/or failed to honor the insuring agreement by withholding and/or refusing to pay insurance monies otherwise owed to Plaintiff.

14. Defendant has further committed bad faith by withholding and/or refusing to pay insurance monies otherwise owed in an attempt to obtain an advantage over the Plaintiff by economic duress.

15. Defendant has further committed bad faith by failing to comply with the terms of the insuring agreement by refusing Plaintiff's request for an appraisal.

## COUNT I

### (Bad Faith - Failure to Pay Insurance Proceeds and Failure to Investigate)

16. Plaintiff adopts by reference the above paragraphs.

17. Defendant owed Plaintiff an implied duty of good faith and fair dealing under the terms and conditions of the policy and/or Alabama Law.

18. Defendant intentionally and/or recklessly failed to timely and/or properly investigate and/or pay benefits owed to Plaintiff for damages sustained as a result of the Insured Event.

19. Defendant knowingly, intentionally and/or recklessly refused to pay benefits owed for losses Plaintiff sustained as a result of the Insured Event in the absence of a legitimate and

3

arguable reason for this refusal.

20. Defendant knowingly, intentionally and/or recklessly failed to pay benefits owed to Plaintiff under the terms of the policy and/or Alabama law or otherwise attempted to avoid or delay paying benefits owed to Plaintiff as a result of the Insured Event.

21. Defendant knowingly and intentionally delayed payment of benefits owed to Plaintiff in an effort to gain an advantage over Plaintiff by economic duress.

22. Defendant intentionally and recklessly failed to properly subject the claim to a cognitive evaluation or review.

23. Defendant refused to agree to an appraisal request.

24. Defendant had no debatable reason for failing to promptly and/or properly investigate the loss and pay benefits owed to Plaintiff as a result of the Insured Event, and/or relied upon ambiguous and/or inapplicable portions of the policy as the basis for denying and/or constructively denying the claim.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of the minimum jurisdictional limit of this Court, plus interest, costs of Court, punitive damages, and any other remedies that are just and appropriate under Alabama law.

## COUNT II

### (Breach of Contract)

25. Plaintiff adopts by reference the above paragraphs.

26. Defendant owed contractual obligations and/or duties to the Plaintiff under the terms and conditions of the policy which the Defendant breached by failing to timely and properly investigate and pay for losses sustained as a result of the Insured Event, said losses occurring during the policy period.

27. As a direct and proximate consequence of the multiple breaches of contractual obligations, Plaintiff has suffered damages.

WHEREFORE, Plaintiff demands judgment against Defendant in an amount in excess of the minimum jurisdictional limit of this Court, plus interest, costs of Court, and any other remedies that are just and appropriate under Alabama Law.

Respectfully submitted,

*/s/Alan M. Colvin*
ALAN M. COLVIN (COL123)
C. BENNETT LONG (LON046)
*Attorneys for Plaintiff*

LONG & LONG, PC
3600 Springhill Memorial Drive N
Mobile, Alabama 36608
Phone: (251) 445-6000
Facsimile: (251) 445-0282
Alan@longandlong.com
Bennett@longandlong.com

**PLAINTIFF RESPECTFULLY REQUESTS A TRIAL BY JURY**

*/s/Alan M. Colvin*
ALAN COLVIN
C. BENNETT LONG