IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| **FORTUNE HOLDINGS, LLC,** | * | |
| | * | |
|     **Plaintiff,** | * | |
| | * | |
| v. | * | **CASE NO. 22-CV-00287-WS-N** |
| | * | |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | * | |
| | * | |
| | * | |
|     **Defendant.** | * | |

## ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant State Farm Fire and Casualty Company (hereinafter referred to as "State Farm" or "Defendant"), by and through undersigned counsel of record, answers the Plaintiff's Second Amended Complaint as follows:

## FIRST DEFENSE

State Farm responds to the allegations of the Second Amended Complaint ("Complaint"), paragraph by paragraph as follows:

### Parties

1. Upon information and belief, Plaintiff is an Alabama Limited Liability Company with its principal office location in Alabama. State Farm is without sufficient information to admit or deny the remaining allegations of this paragraph and therefore must deny.

2. Admitted that State Farm is a corporation with its principal place of business in Bloomington, Illinois. Admitted that State Farm conducts business in Alabama. Admitted that State Farm issues insurance policies to Alabama policyholders. All allegations not specifically admitted are denied.

## Jurisdiction and Venue

3. Admitted.

4. Admitted that venue is proper in this Court. All allegations not specifically admitted are denied.

5. Admitted that the Court has jurisdiction over the parties to this action. All allegations not specifically admitted are denied.

## Factual Allegations

6. Admitted that Plaintiff had in effect on September 16, 2020, insurance policy number 93-B3-U437-8 that provided the coverage set forth therein subject to the terms, exclusions, endorsements, limitations, and deductible set forth in the policy. All allegations not specifically admitted are denied.

7. Denied.

8. Admitted that Plaintiff reported a claim to State Farm on or about September 17, 2020. All allegations not specifically admitted are denied.

9. Upon information and belief, admitted that Plaintiff has complied with the terms and conditions of the policy. Admitted that Plaintiff has submitted to State Farm documentation and information regarding its claimed damages. All allegations not specifically admitted are denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

## COUNT ONE

(Bad Faith – Failure to Pay Insurance
Proceeds and Failure to Investigate)

16. Defendant adopts the responses made above.

17. Admitted that Alabama recognizes that every contract carries an implied obligation of good faith and fair dealing.  All allegations not specifically admitted are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied that appraisal is appropriate under the facts and circumstances of this claim.  Denied that Plaintiff's appraisal request was consistent with the terms of the insurance policy.   All allegations not specifically admitted are denied.

24. Denied (including Plaintiff's demand for relief that follows this paragraph).

## COUNT TWO

(Breach of Contract)

25. Defendant adopts the responses made above.

26. Admitted that Plaintiff had an effect on September 16, 2020 a policy of insurance with Defendant providing coverage set forth therein subject to the terms, conditions, exclusions, limitations, endorsements and deductible set forth in the policy.  Denied that Defendant breached any obligation or duty under the policy.  All allegations not specifically admitted are denied.

27. Denied (including Plaintiff's demand for relief that follows this paragraph).

4872-8796-6257, v. 1

**SECOND DEFENSE**

The Complaint fails to state a claim upon which relief can be granted.

**THIRD DEFENSE**

Plaintiff has failed to mitigate its damages.

**FOURTH DEFENSE**

Defendant affirmatively avers that the relevant policy of insurance is the best evidence of its contents and is pleaded herein as though copied herein in its entirety.

**FIFTH DEFENSE**

Defendant specifically denies any allegations which tend to contradict, contravene or enlarge upon the terms, conditions, exclusions or limitations of said policy.

**SIXTH DEFENSE**

Defendant pleads the general issue and denies every material allegation of the Complaint not herein admitted and demands strict proof thereof.

**SEVENTH DEFENSE**

Defendant affirmatively pleads all terms, conditions precedent, conditions subsequent, exclusions, limitations, endorsements and deductibles set forth in the policy as a defense to the Plaintiff's claims.

**EIGHTH DEFENSE**

Some or all of Plaintiff's claims are barred by the doctrines of ratification, consent, acquiescence and voluntary payment.

**NINTH DEFENSE**

Plaintiff has not suffered any injury by reason of any act or omission by Defendant.

## TENTH DEFENSE

Punitive damages would be improper in this case under Ala. Code § 6-11-20(a) and (b).

## ELEVENTH DEFENSE

Plaintiff's punitive damages claims are barred or limited by virtue of Ala. Code § 6-11-21, et seq.

## TWELFTH DEFENSE

Punitive damages are barred under Ala. Code§ 6-11-27.

## THIRTEENTH DEFENSE

Defendant denies that it is guilty of any conduct which would entitle Plaintiff to recover punitive damages.

## FOURTEENTH DEFENSE

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to it under the Constitution of the State of Alabama.

## FIFTEENTH DEFENSE

Defendant affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to it under the Constitution of the United States of America.

## SIXTEENTH DEFENSE

Defendant affirmatively avers that any award of punitive damages to Plaintiff in this case will be violative of the constitutional safeguards provided to it under the due process clause of the Fourteenth Amendment to the Constitution of the United States.

**SEVENTEENTH DEFENSE**

Defendant avers that any award of punitive damages to Plaintiff in this case will be violative of the procedural safeguards provided to it under the Sixth Amendment to the Constitution of the United States.

**EIGHTEENTH DEFENSE**

Plaintiff's claim of punitive damages violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States on the following grounds:

(a) It is a violation of the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution to impose punitive damages, which are penal in nature, against a civil defendant upon the plaintiff's satisfying a burden of proof which is less than "beyond a reasonable doubt" burden of proof required in criminal cases;

(b) The procedures pursuant to which punitive damages are awarded may result in an award of joint and several judgments against State Farm for different alleged acts of wrongdoing, which infringes upon the due process and equal protection clauses of the Fourteenth Amendment of the United States Constitution;

(c) The procedures pursuant to which punitive damages are awarded fail to provide a reasonable limit on the amount of the award against a defendant, which thereby violate the due process clause of the Fourteenth Amendment of the United States Constitution;

(d) The procedures pursuant to which punitive damages are awarded fail to provide specific standards for the amount of the award of punitive damages which thereby

    violate the Due Process Clause of the Fourteenth Amendment of the United States Constitution;

(e) The procedures pursuant to which punitive damages are awarded result in the imposition of different penalties for the same or similar acts and, thus, violate the equal protection clause of the Fourteenth Amendment of the United States Constitution;

(f) The procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine for the same or similar conduct, which thereby infringes upon the due process clause of the Fifth and Fourteenth Amendments and the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## NINETEENTH DEFENSE

Plaintiff's claim for punitive damages violates the due process clause of Article I, § 6 of the Constitution of Alabama for the same grounds as stated above.

## TWENTIETH DEFENSE

Any award of punitive damages to Plaintiff in this action would constitute a deprivation of property without due process of law required under the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-FIRST DEFENSE

Any award of punitive damages against the Defendant in this action would violate the prohibition against laws that impair the obligations of contracts in violation of Article 1, § 22 of the Constitution of Alabama.

4872-8796-6257, v. 1

**TWENTY-SECOND DEFENSE**

The Complaint fails to state a claim for punitive damages under §§ 6-11-20 to 6-11-30, Code of Alabama, 1975, and is barred.

**TWENTY-THIRD DEFENSE**

Any award of punitive damages against the Defendant in this action would violate the due process clause of the United States Constitution, in accordance with the decisions of the United States Supreme Court in *Phillip Morris USA v. Williams*, 127 S. Ct. 1057 (2007), *BMW of North America v. Gore*, 517 U.S. 559, 116 S. Ct. 1589, 134 L. Ed. 2d 809 (1996), *Coopers Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 424, 121 S. Ct. 1678 (2001), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 123 S. Ct. 1513, 155 L. Ed. 2d 585 (2003), and the Alabama Supreme Court in *BMW v. Gore*, 701 So.2d 507 (Ala. 1997) on various grounds including the following:

(a) It is a violation of Defendant's rights to due process to impose punitive damages to deter future misconduct, where less drastic remedies could achieve this goal;

(b) It is a violation of due process to subject Defendant to punitive damages without providing Defendant fair notice of the conduct that will subject it to punishment and the severity of the penalty that may be imposed;

(c) It is a violation of due process to punish any of Defendant with the intent of changing its lawful conduct in other states; and

(d) It is a violation of Defendant's rights to due process to impose punitive damages which are grossly excessive.

## TWENTY-FOURTH DEFENSE

The Complaint's prayer for damages is barred because the Plaintiff's damages, if any, are speculative, uncertain, and incapable of being ascertained.

Respectfully submitted this the 2nd day of September, 2022.

/s/ Thomas Ryan Luna
THOMAS RYAN LUNA
SAMANTHA N. GUNNOE
Attorneys for Defendant, State Farm
Fire and Casualty Company

OF COUNSEL:

HELMSING, LEACH, HERLONG,
    NEWMAN & ROUSE, P.C.
Post Office Box 2767
Mobile, AL 36652
(251) 432-5521 - Office
Email: trl@helmsinglaw.com
       sng@helmsinglaw.com

## CERTIFICATE OF SERVICE

I hereby certify that I have on this the 2nd day of September, 2022, served a copy of the foregoing pleading by electronic filing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

Alan M. Colvin
C. Bennett Long
Cate Biggs
LONG & LONG, PC
3600 Springhill Memorial Drive, N.
Mobile, AL  36608

/s/ Thomas Ryan Luna
OF COUNSEL

4872-8796-6257, v. 1