IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FORTUNE HOLDINGS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 22-0287-WS-N |
| | ) |
| STATE FARM FIRE AND CASUALTY | ) |
| COMPANY, | ) |
| | ) |
| Defendant. | ) |

ORDER

This matter is before the Court on the defendant's motion for summary judgment. (Doc. 50). The parties have filed briefs and evidentiary materials in support of their respective positions, (Docs. 51, 57, 58), and the motion is ripe for resolution. After careful consideration, the Court concludes the motion is due to be granted.

BACKGROUND

According to the second amended complaint, (Doc. 19), the plaintiff's building ("the Property") was insured by the defendant under a policy ("the Policy") when it was damaged by an unstated event.[1] The pleading sets forth claims for breach of contract and bad faith.

DISCUSSION

Summary judgment should be granted only if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment bears "the initial

---

[1] The briefs identify the event as Hurricane Sally.

burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial." *Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir. 1991). The moving party may meet its burden in either of two ways: (1) by "negating an element of the non-moving party's claim"; or (2) by "point[ing] to materials on file that demonstrate that the party bearing the burden of proof at trial will not be able to meet that burden." *Id*. "Even after *Celotex* it is never enough simply to state that the non-moving party cannot meet its burden at trial." *Id*.; *accord Mullins v. Crowell*, 228 F.3d 1305, 1313 (11th Cir. 2000); *Sammons v. Taylor*, 967 F.2d 1533, 1538 (11th Cir. 1992).

"When the *moving* party has the burden of proof at trial, that party must show *affirmatively* the absence of a genuine issue of material fact: it must support its motion with credible evidence ... that would entitle it to a directed verdict if not controverted at trial. [citation omitted] In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof, no reasonable jury could find for the nonmoving party." *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc) (emphasis in original); *accord Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993).

"If the party moving for summary judgment fails to discharge the initial burden, then the motion must be denied and the court need not consider what, if any, showing the non-movant has made." *Fitzpatrick*, 2 F.3d at 1116; *accord Mullins*, 228 F.3d at 1313; *Clark*, 929 F.2d at 608.

"If, however, the movant carries the initial summary judgment burden ..., the responsibility then devolves upon the non-movant to show the existence of a genuine issue of material fact." *Fitzpatrick*, 2 F.3d at 1116. "If the nonmoving party fails to make 'a sufficient showing on an essential element of her case with respect to which she has the burden of proof,' the moving party is entitled to summary judgment." *Clark*, 929 F.2d at 608 (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)) (footnote omitted); *see also* Fed. R. Civ. P. 56(e)(2) ("If a

2

party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … consider the fact undisputed for purposes of the motion ….").

## I. Breach of Contract.

"Under Alabama law, the insured … normally bears the burden of establishing that a claim falls within the coverage of the policy." *Nationwide Mutual Fire Insurance Co. v. David Group, Inc*., 294 So. 3d 732, 737 (Ala. 2019). "In general, the insurer bears the burden of proving the applicability of any policy exclusion." *Acceptance Insurance Co. v. Brown*, 832 So. 2d 1, 12 (Ala. 2001). The parties do not dispute that this is the "normal" or "general" case.

The plaintiff claims that winds from Hurricane Sally "damaged the roof, roof structure and exterior of Plaintiff's property, causing several storm-created openings and allowing wind, rain, and debris to enter." (Doc. 26 at 1).

The Policy provides coverage for "accidental direct physical loss," subject to certain qualifications. (Doc. 51-1 at 37, 38). Among them is the following (expressed as a "limitation" rather than as an "exclusion"):

> We will not pay for loss to …
> [t]he interior of any building or structure, or the property inside any building or structure, caused by rain …, whether driven by wind or not, unless:
> [t]he building or structure first sustains damage by a Covered Cause of Loss to its roof, outside wall, or outside building glass through which the rain … enters ….

(*Id*. at 38). The defendant considers this provision to address the scope of coverage rather than an exclusion, (Doc. 51 at 2), and the plaintiff does not dispute that characterization.[2]

---

[2] Alabama courts appear to characterize a limitation as something other than an exclusion. *E.g., Twin City Fire Insurance Co. v. Alfa Mutual Insurance Co*., 817 So. 2d 687, 695 (Ala. 2001).

3

The defendant primarily argues that it has met its initial burden by pointing to materials in the file demonstrating that the plaintiff will be unable at trial to prove that its loss is covered. (Doc. 51 at 4-7). The defendant cites a number of federal cases treating the question of causation of a particular damage to a particular property to be amenable only to proof by expert testimony. Because the plaintiff has been barred from using its only causation expert,[3] the defendant concludes the plaintiff cannot at trial create a jury issue as to whether the claimed damage to the Property was caused by something within the Policy's coverage.

The Court assumes for argument that the cases on which the defendant relies were correctly decided on their facts. The defendant, however, has shown neither that these cases establish a universal rule nor that this case falls within the range of scenarios properly captured by them. Even supposing that lay testimony is insufficient to create a fact issue regarding causation in subtle, technical cases, for all the Court knows the plaintiff could at trial produce lay evidence, for example, that the roof, or a wall, or a window, had gaping holes immediately after the storm that were not there before the storm, and the defendant has not shown that expert testimony would be necessary in such a scenario to show that the alleged damage to the exterior, or the interior, is covered. Because the defendant has failed to show that expert testimony of causation is essential in this case, it has not met its initial burden of showing that the plaintiff cannot at trial present evidence of a covered loss.

The defendant also argues that it has presented evidence negating the existence of a covered loss. (Doc. 51 at 8). This argument stands on firmer ground. The defendant retained a professional engineer ("Vanderbrook") to investigate the extent and cause of damage to the Property. (Doc. 51-3 at 1). Upon examination of the Property, Vanderbrook noticed that the windows were intact and generally well sealed, without separation between the frames and the

---

[3] (Docs. 63, 66, 83, 84).

adjoining walls. However, the steel lintel headers were sagging, corroded and rusty, and some were covered with tape. The exterior doors were well sealed. The building was covered by an asphalt roof approaching the end of its useful life, with extensive granule loss and old patch work performed on at least three different occasions, but without indication of uplift, voids, separations, or any other opening created by wind or flying debris. The gutters and roof turbine vents were intact and with no indication of wind damage. The exterior walls, made of concrete block, were in generally good condition, with no indication of significant wind, impact, or structural damage. Vanderbrook concluded that the weather event did not create any openings in the windows, roof system, or exterior walls of the Property and that the water intrusion resulted from long-term deterioration of the windows and the roof. (*Id*. at 4-7).

Vanderbrook's report constitutes affirmative evidence negating a covered loss. It thus satisfies the defendant's initial burden whether the limitation quoted above goes to coverage or constitutes an exclusion from coverage. The plaintiff does not disagree. The defendant's evidence therefore casts on the plaintiff the burden to present evidence sufficient to create a genuine issue of material fact as to the cause of its alleged damage. The only evidence of causation the plaintiff has presented is the report of its causation expert. (Doc. 57-1). Because this evidence has been excluded pursuant to Rule 37(c), it cannot satisfy the plaintiff's burden on motion for summary judgment. Thus, no genuine issue of material fact exists as to the essential element of a covered loss, and the defendant is entitled to judgment as a matter of law on the plaintiff's breach of contract claim.

**II. Bad Faith.**

"[A] breach of the insurance contract is an element of a bad-faith-refusal-to-pay claim." *Ex parte Alfa Mutual Insurance Co*., 799 So. 2d 957, 962 (Ala. 2001); *see also State Farm Fire and Casualty Co. v. Brechbill*, 144 So. 3d 248, 258 (Ala. 2013) ("[I]f a lawful basis for denial actually exists, the insurer, as a

5

matter of law, cannot be held liable in an action based upon the tort of bad faith.") (emphasis and internal quotes omitted). Because the plaintiff cannot establish its contract claim, it cannot establish its bad faith claim.

## CONCLUSION

For the reasons set forth above, the defendant's motion for summary judgment is **granted**. This action is **dismissed with prejudice**. Judgment shall be entered accordingly by separate order.

DONE and ORDERED this 6th day of October, 2023.

s/ WILLIAM H. STEELE<br>
UNITED STATES DISTRICT JUDGE