# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **FORTUNE HOLDINGS, LLC,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) CIVIL ACTION 22-0287-WS-N |
| | ) |
| **STATE FARM FIRE AND CASUALTY COMPANY,** | ) |
| | ) |
| **Defendant.** | ) |

## ORDER

This matter is before the Court on the defendant's motion to retax costs. (Doc. 94). The plaintiff has filed a response, (Doc. 97), and the motion is ripe for resolution.

The instant motion was filed on November 6, 2023.[1] The plaintiff argues that the motion to retax should be denied as untimely. The plaintiff believes the deadline for filing the motion was fourteen days after entry of judgment, or October 20. (Doc. 97 at 3). The plaintiff is mistaken.

Civil Local Rule 54(a)(1) requires that a bill of costs (not a motion to retax) be filed within fourteen days of judgment. The defendant timely filed its bill of costs on October 18. Both Rule 54(d)(1) and Civil Local Rule 54(b) require that a motion to retax be filed within seven days after the Clerk taxes costs. The Clerk taxed costs on October 30, and the instant motion was filed seven days later. The motion is therefore timely.

The defendant seeks taxation of $2,551.05, all of it incurred in connection with four depositions taken in the case: the plaintiff's 30(b)(6) representative, the plaintiff's sole member, the plaintiff's expert, and the defendant's 30(b)(6) representative. (Doc. 87). Court reporter fees for "stenographic transcripts" that were "necessarily obtained for use in the case" are properly taxable. 28 U.S.C. § 1920(2).

---

[1] Except as specifically noted, all dates herein are 2023.

The defendant says it used each of the four depositions in preparing its expert disclosures and in preparing its successful motion for summary judgment. (Doc. 87 at 3-4). The defendant says also that it used the deposition of its 30(b)(6) representative to prepare to address the plaintiff's bad faith claim. (Doc. 94 at 2).

"The question of whether the costs of a deposition are taxable depends on the factual question of whether the deposition was wholly or partially necessarily obtained for use in the case." *United States Equal Employment Opportunity Commission v. W&O, Inc.*, 213 F.3d 600, 620-21 (11th Cir. 2000) ("*EEOC*") (internal quotes omitted). "In making this evaluation, a district judge has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorney." *Newman v. A.E. Staley Manufacturing Co.*, 648 F.2d 330, 337 (5th Cir. 1981).

The plaintiff argues the deposition costs are non-taxable because none of the deponents addressed causation, which was the basis of the defendant's successful motion for summary judgment. (Doc. 97 at 5-6). The plaintiff is again mistaken. It is not necessary for taxation purposes that a deposition directly contribute to the prevailing party's success. During the discovery process, numerous matters generally are at issue, and a party is entitled to pursue discovery as to them, even if only one of them ultimately is case-dispositive. As the plaintiff recognizes, (*id*. at 4, 6), the key question is whether the depositions were "related to an issue which was present in the case at the time the deposition was taken." *EEOC*, 213 F.3d at 621; *accord id*. at 622. This case centered on insurance coverage for damage to the plaintiff's commercial building. The plaintiff, through its representative and sole member, plainly had information relevant to the building, its upkeep, the damage sustained, and other issues in the case. The plaintiff's damages expert likewise clearly had information related to issues in the case.

The deposition of the defendant's 30(b)(6) representative was noticed and taken by the plaintiff, and the defendant seeks only the cost of a copy of this deposition. (Doc. 87 at 3, 6). Having noticed the deposition, the plaintiff is in a poor position to argue that the deposition was not related to an issue then in the case. "The rule … within the [old]

Fifth Circuit is well-settled and allows these costs [*i.e.*, "the costs of copies of depositions taken by an opponent"] to be taxed." *Jeffries v. Georgia Residential Finance Authority*, 90 F.R.D. 62, 64 (N.D. Ga. 1981); *accord Goodwall Construction Co. v. Beers Construction Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992), *cited in EEOC*, 213 F.3d at 620.

The defendant seeks the cost of an expedited transcript of the plaintiff's expert's deposition. (Doc. 87 at 4, 8). The cost of expedited trial transcripts may be allowed when necessary, *Maris Distributing Co. v. Anheuser-Busch, Inc.*, 302 F.3d 1207, 1226 (11th Cir. 2002), and sister courts have extrapolated this to the context of expedited deposition transcripts.[2] The defendant's explanation appears to follow the pattern of these cases. Because the plaintiff does not challenge this request, the Court need not map the precise boundaries of its authority.

For the reasons set forth above, the defendants' motion to re-tax costs is **granted**. Costs are taxed against the plaintiff in the amount of $2,551.05.

DONE and ORDERED this 20th day of November, 2023.

s/ WILLIAM H. STEELE<br>UNITED STATES DISTRICT JUDGE

---

[2] *E.g., Equal Employment Opportunity Commission v. Austal USA, LLC*, 2020 WL 2530313 at *2 (S.D. Ala. 2020).